# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE AVILA,<br><br>    Petitioner,<br><br>    v.<br><br>WILLIAM MUNIZ, *Warden*,<br><br>    Respondent. | Case No. LA CV 14-9460 AB (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation ("R&R"), Petitioner's Objections to the Report and Recommendation ("Objections")[1], [Dkt. No. 35], and the remaining record, and has made a *de novo* determination.

Petitioner's Objections generally reiterate arguments made in the Petition, and lack merit for the reasons set forth in the R&R. There are several issues, however, that warrant brief discussion here.

---

[1] The Court construes Petitioner's "Motion of Notice of [His] 28 U.S.C. § 2254 Declaration of Proof Sending Actual Case from Appellate Attorney re Report and Recommendation" as his Objections to the R&R. [*See* Dkt. No. 35.]

First, and as the R&R explained, Petitioner's claim that the trial court erred in excluding out-of-court statements that he made on the night of, and the morning after, the carjacking is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Thus, to the extent Petitioner contends that the trial court violated an aspect of state law, which he does, his claim must be rejected. *See Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991) (stating that federal habeas courts "do not review questions of state evidence law").

Second, although there were inferences from the facts which could have resulted in a different outcome for Petitioner, the inferences that the jury made were reasonable. As the Ninth Circuit teaches, a federal habeas court "must respect the province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts by assuming that the jury resolved all conflicts in a manner that supports the verdict." *Walters v. Maas*, 45 F.3d 1355, 1358 (9th Cir. 1995). Therefore, it cannot be said that the evidence was insufficient within the meaning of *Jackson v. Virginia*, U.S. 307, 319 (1979).

Third, and finally, Petitioner raises for the first time a new ground for relief. Specifically, Petitioner contends that his trial counsel was ineffective by failing to: (1) object when the trial court did not issue a jury instruction on the defense of necessity; (2) "investigate or perform certain pretrial functions"; (3) "call [a] mental health doctor to the stand to testify on [Petitioner's] mental health issues"; (4) "bring up the security tape video of the incident that was destroyed by police officers . . . [and] would have" supported his version of the events; and (5) bring up the fact that Petitioner did not take his medication on the night of the carjacking. [Dkt. No. 35 at 24-32.]

As a general matter, the Court can refuse to consider this new ground because it was not raised in the earlier proceedings before the Magistrate Judge. *U.S. v. Howell*,

231 F.3d 615, 621 (9th Cir. 2000) ("[A] district judge has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."). The facts and arguments raised in this new ground were readily available to Petitioner at the time he challenged his conviction on appeal in state court and he offers no explanation for his failure to raise them earlier.

Furthermore, Petitioner did not raise this new ground in the California Supreme Court, and therefore, his new ground is unexhausted. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The Court cannot grant habeas relief on unexhausted grounds. *See* 28 U.S.C. § 2254(b)(1).

Even if Petitioner properly raised this new, unexhausted ground, his claim fails on the merits. For one thing, and as the R&R concluded, "the evidence [presented] at trial showed that Petitioner had legal options available to him, thus disqualifying him from the legal defense of necessity." (*See* R&R at 10.) Counsel cannot be deficient for failing to make a futile objection. *See, e.g.*, *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005) ("[T]rial counsel cannot have been ineffective for failing to raise a meritless objection"); *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) ("[T]he failure to take a futile action can never be deficient performance[.]").

For another thing, perhaps it was not mere happenstance that Petitioner's trial counsel did not bring up the surveillance tape or call a mental health professional to testify. Namely, Petitioner's trial counsel may have had his own *tactical* reasons for not doing so and, at the very least, Petitioner has not demonstrated otherwise. *See Harrington v. Richter*, 562 U.S. 86, 88-89 (2011).

Accordingly, IT IS ORDERED THAT:
1. The Report and Recommendation is approved and accepted;
2. Judgment be entered dismissing this action with prejudice;
3. All pending motions are denied as moot and terminated; and
4. The Clerk serve copies of this Order on the parties.

3

Additionally, for the reasons stated in the R&R, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, the Court declines to issue a certificate of appealability.

DATED: November 22, 2017

HON. ANDRÉ BIROTTE, JR.
UNITED STATES DISTRICT JUDGE